May Term, 1860.

HAMAR
v.
DIMMICK.

*M. M. Ray*, for the appellants.

*E. H. Davis* and *C. Wright*, for the appellee.

---

## HAMAR *v.* DIMMICK.

APPEAL from the *Warren* Court of Common Pleas.

Monday, May 28.

PERKINS, J.—*Dimmick* sold a wagon to *Hamar*, to be paid for by the delivery, at a certain time, of five hundred and fifty bushels of corn. This suit was brought to recover for an alleged failure to deliver the corn agreed upon.

Answer, in general denial, and in averment of a delivery of all the corn according to agreement.

Trial; judgment for plaintiff for 15 dollars and costs.

The judgment for plaintiff for costs was right. Payment in specific articles could be proved under the issues. Perk. Pr., 368.

The defendant further answered that he tendered simply what the corn to be delivered was worth, and no more, after he had failed to deliver the corn.

This answer was bad. Ind. Dig., p. 787, § 17. The tender should, at all events, have included interest to time of tender. How. (N. Y.) Code, 238.

*Query*, are not general denial and tender inconsistent defenses? How. (N. Y.) Code, p. 238.—Perk. Pr., p. 226. *Walker* says they are. Am. Law, 3d ed., 579. See, also, as to inconsistent pleading, generally, Steph. Pl., 273, 274, and 1 Chit. Pl. 560.

And, again, has the code prescribed the mode in which tender must be made to bar costs, viz., by an offer to confess judgment? Perk. Pr., 89.

In this case, the plaintiff recovered one-third more than was tendered; hence, the tender could not bar costs.

*Per Curiam.*—The judgment is affirmed with 10 per cent. damages and costs.

*B. F. Gregory, J. Harper*, and *J. N. Brown*, for the appellant.

*R. A. Chandler*, for the appellee.